UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY ) ) ) Plaintiff ) ) ) v. ) ) DANIEL J. GUILLROY, III, ) ANDREA OSWALD, ) DEBRA K. NICHOLSON, ) DAVID L. NICHOLSON, and ) RICHARD H. BROWN, ) SHARON K. HALL, ) SHERRIN SQUARE CONDOMINIUM ) ASSOCIATION, ) ERIN LEVIN, PAMERLA LEVIN, and ) RICHARD LEVIN ) ) Defendants ) | Case No.  3:25-cv-487-DJH |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes the Plaintiff, Assurance Company of America, by counsel, and for its Complaint for Declaratory Judgment states as follows:

1.   Zurich American Insurance Company (hereafter "ZAIC") is the ultimate successor via mergers to Assurance Company of America.

2.   ZAIC is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg,

Illinois 60196. ZAIC is authorized to transact business and has transacted business in the Commonwealth of Kentucky.

3. Defendant Sherrin Square Condominium Association, Incorporated was formed and registered with the Office of the Kentucky Secretary of State with a last known principal place of business of 225 Abraham Flexner Way, Suite 501, Louisville KY 40202.

4. Defendants Richard Levin and Pamela Levin, husband and wife, were the owners of 124 South Sherrin Avenue, Units 3-8 and 10-12, Louisville, Kentucky 40207 from approximately 1983 until April 17, 2023, when they quitclaimed 124 South Sherrin Avenue, Unit 3, Louisville, Kentucky 40207 to their daughter, Defendant Erin Levin, but remained the owners of 124 South Sherrin Avenue, Units 4-8 and 10-12.

5. At all times relevant hereto, Defendant Richard Levin was and is a resident of Jefferson County, Kentucky.

6. At all times relevant hereto, Defendant Pamela Levin was and is a resident of Jefferson County, Kentucky.

7. Defendant Erin Levin is the owner of 124 South Sherrin Avenue, Unit 3, Louisville, Kentucky 40207, having acquired title by quitclaim deed dated April 17, 2023, of record in Deed Book 12593, Pages 42-46, in the Office of the County Clerk of Jefferson County, Kentucky.

8. At all times relevant hereto Defendant Erin Levin was and is a resident of Jefferson County, Kentucky.

9. Defendant Daniel J. Guillory, III, is the owner of 122 South Sherrin Avenue,

Units 3 and 4, Louisville, Kentucky 40207, having acquired title by deed dated September 12, 2003, of record in Deed Book 8245, Page 413, in the Office of the County Clerk of Jefferson County, Kentucky.

10. At all times relevant hereto, Defendant Daniel J. Guillory, III, was and is a resident of Jefferson County, Kentucky.

11. At all times relevant hereto, Defendant Andre Oswald was the owner of 122 South Sherrin Avenue, Unit 2, Louisville, Kentucky 40207, having acquired title by deed dated July 27, 2006, of record in Deed Book 8875, Page 115, in the Office of the County Clerk of Jefferson County, Kentucky.

12. At all times relevant hereto, Defendant Andrea Oswald was and is a resident of Jefferson County, Kentucky.

13. Defendants Debra K. Nicholson and David L. Nicholson, husband and wife, and Sharon K. Hall and Richard H. Brown, husband and wife, (collectively "Nicholson/Hall") are the co-owners of 122 South Sherrin Avenue, Unit 1, Louisville, Kentucky 40202, by virtue of quitclaim deed, of record in Deed Book 9308, Page 955, title having been originally acquired by Debra K. Nicholson and Sharon K. Hall by Deed dated October 11, 2006, and recorded October 30, 2008, of record in Deed Book 8938, Page 849, both in the Office of the County Clerk of Jefferson County, Kentucky.

14. At all times relevant hereto, Defendant Sharon K. Hall was and is a resident of Jefferson County, Kentucky.

15. At all times relevant hereto, Defendant Richard H. Brown was and is a resident of Jefferson County, Kentucky.

16. At all times relevant hereto, Defendant Debra K. Nicholson was and is a resident of Jefferson County, Kentucky.

17. At all times relevant hereto, Defendant David L. Nicholson was and is a resident of Jefferson County, Kentucky.

18. Diversity jurisdiction under 28 U.S.C. §1332 applies to the present controversy because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship.

19. Defendants Daniel Guillory III, Andrea Oswald, Sharon Hall, Richard Brown, Debra Nicholson, and David Nicholson (collectively referred to as "Claimants") are current/past owners of condominium units at the Sherrin Square Condominium development in Louisville, Kentucky.

20. The Claimants are currently suing Sherrin Square Condominium Association ("Association") as well as Richard Levin, Pamela Levin, and Erin Levin (collectively referred to as the "Levins") in Jefferson (Kentucky) Circuit Court, Civil Action No. 13-CI-01865 ("Lawsuit").

21. A copy of the Lawsuit's most recent complaint, the "Second Amended Complaint," is attached as Exhibit 1 to this declaratory judgment action.

22. ZAIC's predecessor, Assurance Company of America ("Assurance"), had a Precision Portfolio Policy ("Policy") with Sherrin Square Condominiums (Policy Number PAS04621639) in effect beginning 03/30/2011 until cancellation on 11/01/2013. (A copy of the Policy is attached as Exhibit 2).

23. The Policy was cancelled by Assurance effective 11/01/2013. (Cancellation Notice attached as Exhibit 3).

24. Sherrin Square Condominiums ("Sherrin Square") is a condominium property regime established under the Condominium Property Law, Sections 381.805 through 381.910 and pursuant to the Master Deed and Declaration of Condominium Property Regime of Sherrin Square Condominiums ("Master Deed"), of record in Deed Book 5238, Pages 840-857, in the Office of the County Clerk of Jefferson County, Kentucky.

25. Sherrin Square is comprised of sixteen condominium units.

26. The Assurance Policy at issue only provided limited coverage for the Association and limited other people acting in specific roles for or on behalf of the Association during the Policy period, which only existed for a limited number of months in 2013.

27. The Claimants' causes of action cited in the Second Amended Complaint arise under the Kentucky Revised Statutes and Kentucky common law for acts or omissions they allege occurred between the years 1983 and 2024.

28. The Claimants' Second Amended Complaint alleges specific acts and omissions of the Levins, individually and/or acting on behalf of the Association, dating between 2007 and 2023.

29. The Lawsuit asserts claims which are not covered by the Policy and this declaratory judgment action is filed to have this Court declare the scope of rights and duties owed under the Policy, if any whatsoever, relative to the claims asserted in the Lawsuit.

30. This declaratory judgment action is properly made pursuant to F.R.C.P. 57 and 28 U.S.C. §2201.

31. This Court is the proper venue pursuant to 28 U.S.C. §1391 as the parties and the subject matter of this declaratory judgment action exist and/or reside in Jefferson County, Kentucky and the events, acts, or omissions occurred in Jefferson County, Kentucky.

32. The Court should exercise jurisdiction over this matter because there is an actual controversy and because the exercise of jurisdiction here: (1) would completely resolve the questions of insurance coverage presented; (2) would serve the purpose of providing the parties a constitutionally-approved forum for the resolution of the issues presented; (3) would not constitute procedural fencing or provide an area for a race to *res judicata*; and (4) would not cause friction between the state and federal court.

33. The Counts and allegations of the Second Amended Complaint, including but not limited to Paragraphs 19 and 20, allege Richard Levin, Pamela Levin, and Erin Levin acted without proper or actual authority for or on behalf of the Sherrin Square Condominiums and the Association, as well as acted solely for the Levins' personal interests and/or benefits, and, as such, their acts and omissions are not covered by the Policy.

34. Embezzlement of Association and/or Sherrin Square monies is alleged in Counts IV, VII, and VII (the second, misnumbered Count "VII") of the Second Amended Complaint by Richard Levin and/or Erin Levin, and such acts or omissions are not a covered "occurrence," "loss," or "wrongful act" and/or are not covered by the Policy.

35. Conversion of Association and/or Sherrin Square monies is alleged in Counts V, VIII, and VIII (the second, misnumbered Count "VIII") of the Second Amended Complaint, by Richard Levin and/or Erin Levin, and such acts or omissions are not a covered "occurrence," "loss," or "wrongful act" and/or are not covered by the Policy.

36. Intentional breach of fiduciary duty by Richard Levin and Pamela Levin is alleged in Count III of the Second Amended Complaint, and such acts or omissions are not a covered "occurrence," "loss," or "wrongful act" and/or are not covered by the Policy.

37. Reckless breach of fiduciary duty by Richard Levin and Pamela Levin is alleged in Count II of the Second Amended Complaint, and such acts or omissions are not a covered "occurrence," "loss," or "wrongful act" and/or are not covered by the Policy.

38. Count I of the Second Amended Complaint alleges that Richard Levin and Pamela Levin negligently breached their fiduciary duty before, during and after the Policy period, and claims arising before and after the Policy period are not covered by the Policy.

39. Count II of the Second Amended Complaint alleges that Richard Levin and Pamela Levin recklessly breached their fiduciary duty before, during and after the Policy period, and claims arising before and after the Policy period are not covered by the Policy.

40. Count III of the Second Amended Complaint alleges that Richard Levin and Pamela Levin intentionally breached their fiduciary duty before, during and after the Policy period, and claims arising before and after the Policy period are not covered by the Policy.

41. Count VII (the second, misnumbered Count "VII"), Count VIII (the second,

misnumbered Count "VIII"), IX (the second, misnumbered Count "IX"), and XI (the second, misnumbered Count "XI") are not covered by the Policy because the acts and/or events specified in said Counts occurred after the Policy was canceled, and thus the claims asserted in these Counts are not covered under the Policy.

42. Counts III, IV, V, VI and X of the Second Amended Complaint are not covered by the Policy because the conduct specified in those Counts occurred before the period of coverage under the Policy began, and thus the claims asserted in these Counts are not covered under the Policy.

43. Unjust Enrichment by Richard Levin and/or Erin Levin with assets belonging to the Association and/or Sherrin Square monies is alleged in Counts VI, IX, and IX (the second, misnumbered Count "IX") of the Second Amended Complaint, and such acts or omissions are not a covered "occurrence," "loss," or "wrongful act" and/or are not covered by the Policy.

44. The embezzlement of monies from Sherrin Square Condominiums by Richard Levin of monies paid from a lawsuit against a former condominium owner occurred, allegedly, years prior to the Policy going into effect according to Count IV of the Second Amended Complaint and, as such, Lawsuit claims related thereto do not fall within the Policy's period of coverage and are not covered.

45. The conversion of monies from Sherrin Square Condominiums by Richard Levin for monies paid from a lawsuit against a former condominium owner occurred, allegedly, years prior to the Policy going into effect according to Count V of the Second Amended Complaint and, as such, Lawsuit claims related thereto do not fall within the

Policy's period of coverage and are not covered.

46. The unjust enrichment by Richard Levin from monies rightfully belonging to Sherrin Square Condominiums of monies paid from a lawsuit against a former condominium owner occurred, allegedly, years prior to the Policy going into effect according to Count VI of the Second Amended Complaint and, as such, Lawsuit claims related thereto do not fall within the Policy's period of coverage and are not covered.

47. The embezzlement of monies from Sherrin Square Condominiums by Erin Levin with monies paid from a 2018 insurance claim occurred, allegedly according to Count VII (the second, misnumbered Paragraph "VII") of the Second Amended Complaint, years after the November 1, 2013 cancellation of the Policy and, as such, Lawsuit claims related thereto do not fall within the Policy's period of coverage and are not covered.

48. The conversion of monies from Sherrin Square Condominiums by Erin Levin with monies paid from a 2018 insurance claim occurred, allegedly according to Count VIII (the second, misnumbered Paragraph "VIII") of the Second Amended Complaint, years after the November 1, 2013 cancellation of the Policy and, as such, Lawsuit claims related thereto do not fall within the Policy's period of coverage and are not covered.

49. The unjust enrichment with monies from Sherrin Square Condominiums by Erin Levin and Richard Levin with monies paid from a 2018 insurance claim occurred, allegedly according to Count IX (the second, misnumbered Paragraph "IX") of the Second Amended Complaint, years after the November 1, 2013 cancellation of the Policy and, as

1. For Judgment declaring that Zurich American Insurance Company has no obligation to provide insurance coverage for or legal defense of the claims asserted in the Second Amended Complaint;

2. Its costs herein expended to the extent the same may be recoverable; and

3. For all further relief, legal or equitable to which it may appear entitled.

Respectfully submitted,

PHILLIPS PARKER ORBERSON & ARNETT, P.L.C.

/s/ William B. Orberson
William B. Orberson
Ryan Nafziger
716 West Main Street, Suite 300
Louisville, Kentucky 40202
PH: (502) 583-9900
worberson@ppoalaw.com
rnafziger@ppoalaw.com
*Counsel for Plaintiff,*
*Zurich American Insurance Company*